[Appeal of Mary Ann McAleer, Trustee.]

OCTOBER AND NOVEMBER TERM, 1881, No. 288.

# Appeal of Mary Ann McAleer, Trustee.

1. The owner of lands, being out of debt, conveyed them, for a nominal consideration, and they were reconveyed back to him, upon the trust that his wife should have the rents, issues, and profits during her life, unless, in case of her widowhood she should marry again, and after her decease or such marriage, that her children should have the rents and profits during their minority, and on their arrival at the age of twenty-one years, to them and their heirs. Power was given to the trustee to sell at any time, and for such sum as he should deem best for the interest of the children. The trustee having, with his wife, executed a mortgage of the lands, and having died leaving his wife surviving him, and unmarried, they were sold under the mortgage. *Held*, that the proceeds, remaining after the satisfaction of the mortgage, were not assets for the payment of his debts, but should be held for the purposes of the trust.

2. The omission to express in the deed that in case of sale the same persons should receive the interest of the money who were entitled to the rents of the land did not defeat the trust.

APPEAL of Mary Ann McAleer, trustee, from the decree of the Court of Common Pleas, No. 2, of *Allegheny County*, confirming the report of an auditor distributing the proceeds of the sheriff's sale of certain real estate.

The material facts found by the auditor were as follows:

The property sold, originally belonged to Daniel McAleer, who, with his wife, conveyed it, January 27th, 1866, to John Callaghan. At this time Daniel McAleer was not indebted, and was not contemplating liabilities. He owned no other real estate, but he had a one-fourth interest in the steamboat "Sampson," and fourteen barges.

[Appeal of Mary Ann McAleer, Trustee.]

The same day Callaghan conveyed the property back to McAleer, his heirs and assigns forever, upon the following trust:

"In trust, nevertheless, and for the uses following, and none other, that is to say, for the sole and separate use of Mary Ann McAleer, wife of the said Daniel McAleer, while she continues the wife of the said Daniel McAleer, and in the event of his decease before her, while she remains his widow and unmarried, so that she alone or such person as she shall appoint, shall take and receive the rents, issues, and profits thereof, to be used and appropriated as she may deem advisable for her maintenance, and the maintenance and education of the children begotten and hereafter to be begotten by the said Daniel McAleer on the body of the said Mary Ann McAleer, and in the event of the decease of the said Mary Ann McAleer before the said Daniel McAleer, or her marriage after the decease of the said Daniel McAleer, then in trust for the children of the said Daniel McAleer and Mary Ann McAleer, begotten and to be begotten as aforesaid, and their heirs, to take and receive the rents, issues, and profits thereof, to be used and appropriated during their minority for and to their maintenance and education, and upon their arrival at the age of twenty-one years, to them and their heirs forever, with power, nevertheless, to the said Daniel McAleer, the natural guardian of his said children, at any time hereafter to sell and convey in fee simple the whole or any part of the aforesaid premises and appurtenances, to any person or persons, and for such sum or sums of money as he may deem best for the interests of his said children and their heirs. And, provided, nevertheless, that nothing herein contained shall be taken and construed to authorize the said Mary Ann McAleer to sell and convey said premises and appurtenances or any portion thereof, or to sell and convey, or, otherwise than as herein mentioned, to dispose of the rents, issues and profits aforesaid, but the same to be used and disposed of as herein limited and appointed."

The consideration mentioned in both of these deeds was $6000, but it was in fact nominal, no money having passed.

On the 25th of August, 1869, Daniel McAleer and his wife executed a mortgage to Samuel Roberts, Sr., for $1100, and March 17th, 1871, another mortgage to the same person for $2800 upon this property.

In 1878 John C. Bindley obtained a judgment against Daniel McAleer, for $914.90. . . . McAleer died in 1873, and his wife was still living at the time of the audit and unmarried. On the 7th of April, 1879, the property was sold by the sheriff, under proceedings upon the first mortgage of

[Appeal of Mary Ann McAleer, Trustee.]

Roberts, for $8000. Mary A. McAleer was appointed trustee by the Court, under the deed of January 27th, 1866, in the place of Daniel McAleer, deceased. The sheriff made a special return, showing a payment of the costs and various claims of the two mortgages to Roberts, of the Bindley judgment, $950.12, and of the balance of $3263.64 to Mary A. McAleer, trustee.

Mary A. McAleer, trustee, excepted to the return in so far as it showed the payment of $950.12 to the Bindley judgment, and this sum constituted the fund in Court for distribution.

The auditor found as follows:

" The contention arises principally upon the effect of the clause in the deed, as follows: ' With power nevertheless, to the said Daniel McAleer, the natural guardian of his said children, at any time hereafter to sell and convey in fee simple, the whole or any part of the aforesaid premises and appurtenances to any person or persons and for such sum or sums of money as he may deem best for the interest of his children and their heirs,' and in the same connection a clause prohibiting Mrs. McAleer from disposing of the rents, issues, and profits.

" It is claimed by Bindley that the clause (admitting a valid trust in McAleer) constituted a power in him for his own use, which, when exercised, if not before, made the property assets for payment of his debts, and it was consequently bound by the judgment in favor of Bindley, who is thereby entitled to the surplus, and at all events the trust was limited to the land, and did not follow the proceeds in case of sale under the power.

" On the contrary, the trustee claims that the power of sale was only to be exercised for the benefit of the children, and the mortgages being in execution of the trust, the surplus after payment of the mortgages must be remitted to the hands of the trustee.

" It is questionable whether any valid trust was created by the deeds in the case. The property belonged to Daniel McAleer. He could not by any device have it conveyed to himself upon a trust in which he was the beneficiary. The legal and trust estate uniting in him he would then stand as if no such deeds had been made. This would seem to be the effect of the deed in this case. As before remarked, as John Callaghan had no real interest, but was merely used for the purpose of declaring the trust, any reversion falling upon the determination of the trust estate would belong to Daniel McAleer. If the trust, as declared by the deed and the power reserved to McAleer were for his own interest, it

[Appeal of Mary Ann McAleer, Trustee.]

would leave the title in him substantially as before the conveyances.

" It will be observed that the first trust declared is for Mrs. McAleer for life or widowhood, for her maintenance and the maintenance and support of the children. The rents, issues, and profits could be used for no other purpose. This was directly in relief of Daniel McAleer, who was by law bound to support his wife and educate his children, and it was therefore merely authorizing his wife to dispose of his own money, in relief of his own obligations.

" The interest of the children was contingent upon two events: 1st. The death of Mrs. McAleer in the lifetime of Daniel McAleer, and 2d, her marriage after she became his widow. In case she survived her husband, and died unmarried, there is no provision in the deed for the children, and the estate would then revert to Daniel McAleer's heirs. One of these contingencies has been disposed of by the death of Daniel McAleer, and the children still have no vested interest, and never can have unless she should re-marry.

" We find, then, the legal estate in Daniel McAleer with a trust nominally for his wife, but really for his own interest and benefit, with a contingent interest in his children and a reversion to himself, and this, coupled with a power to sell and convey the property at any time at his own will. Such a contrivance ought not to deprive his creditors of the right to subject the property to the payment of his debts.

" But there is another question in the case which seems to be conclusive of the controversy.

" As before said, the deed must speak for itself, and any trust not found in its words or necessary implications does not exist. It will be observed that the trust in the first instance is, that Mary McAleer shall ' take and receive the rents, issues and profits,' and in case of her death in the lifetime of Daniel McAleer or remarriage afterwards, to the children ' to take the rents, issues, and profits.' This language is applicable to real estate, and could not be construed to refer to the proceeds of the same. The deed does not pretend to dispose of the proceeds in case Daniel McAleer should choose to sell the property. There is no direct trust as to them, and the words used could not be construed as applicable to such proceeds, aside from the difficulty of raising a trust as to this fund. From the inference that the proceeds were to stand in place of the property, it is a convincing argument that the power to sell was not in execution of the trust, but intended to be used by Daniel McAleer for his own benefit and at his own will. If such be the case, it falls within the principles of Tobin *v.* Gregg, 10 Casey, 446.

" I therefore find that J. C. Bindley is entitled to the balance of the fund in Court after paying the mortgages and costs, including costs of audit, and that the special return of the sheriff so amended should be confirmed."

To this finding the trustee, Mary Ann McAleer, excepted, and the Court below, October 1st, 1881, dismissed the exceptions, and confirmed the report of the auditor.

The trustee then appealed, assigning as error the dismissal of the exceptions.

*Bruce* and *Negley* for the appellant.

At the time the trust-deed was made, McAleer owned the property, and owing no one, he had a right to sell it, give it away, or set it apart for the use of his family.

The trust-deed sets it apart for the sole use of Mrs. McAleer and her children during life and widowhood. She still survives, and is unmarried. It is claimed that by the terms of the deed there is no trust for the children in case of their mother not marrying again. If that be the case, time alone will tell whether she will remarry, and in the meantime she is entitled to support herself and children, and the trust provides therefor.

There is nothing in the deed that intimates that the power was to be or could be exercised for the benefit of Daniel McAleer, and therefore the exercise of that power as trustee does not make the proceeds assets for the payment of debts.

*Knox* and *Reed* for the appellee.

The exercise of the power of sale by the mortgages to Roberts, brings the case within the rule of Sugden on Powers, 27, that the property appointed shall form part of his assets: Talmadge *v.* Sill, 21 Barbour, 34; Johnson *v.* Cushing, 152 N. H., 306; Brinton *v.* Ward, 2 Atkyns, 172; Pack *et al. v.* Bathurst, 3 Atkyns, 270; Holmes *v.* Coghill, 7 Vesey, Jun., 498; Hinton *v.* Toye, 1 Atkyns, 465; Mackason's Appeal, 6 Wr., 330.

A power of sale may be executed by a mortgage: Lancaster *v.* Dolan, 1 Rawle, 231; Zane *v.* Kennedy, 23 P. F. Smith, 192.

A man cannot make such a disposition of his property, whether in the form of trust or not, as will enable him to receive the profits, to mortgage, and sell it without such estate being liable for his debts: 4 Kent, 311; Johnston *v.* Harvey, 2 Penna. Rep., 82.

The power of sale was intended for the benefit of Daniel McAleer, as he was practically the grantor, and it contained

338      SUPREME COURT      [*Pittsburgh,*

no power of revocation: 1 Perry on Trusts, 96; Garnsey *v.* Mundy, 24 N. J. Eq., 243; Hall *v.* Hall, L. R., 14 Eq., 365.

The opinion of the Court was delivered, November 21st, 1881, by TRUNKEY, J.

By deeds executed January 27th, 1866, the naked legal title to the land was vested in Daniel McAleer, in trust that his wife, Mary Ann, should have the rents, issues, and profits during her life, unless in case of her widowhood, she should marry again, and after her decease, or such marriage, their children shall have the rents and profits during their minority, and on their arrival at the age of twenty-one years, to them and their heirs. Power was given to the trustee to sell and convey the whole or any part of the land, at any time, and for such price as he should deem best for the interest of the children.

McAleer had previously owned the land, and it is admitted that he was not indebted or contemplating liabilities so as to make the deed void as to creditors. It is conceded that he had the right to create the trust in favor of his wife and children, and himself be the trustee. He mortgaged the premises, and he could have done this only by virtue of the power contained in the trust deed. The fund in controversy arises from sale of the mortgaged premises, and the appellee claims that in reality McAleer owned the land at and before the time of the sale.

McAleer was a mere trustee, without interest in the premises, and had no power other than to sell. He made an absolute gift of the land to his wife and children. In equity the entire estate was vested in the children of " said Daniel McAleer and Mary Ann McAleer, begotten," subject to the use of their mother during her life or widowhood. We are unable to adopt the view of the learned auditor, to wit, " in case she survived her husband and died unmarried, there is no provision in the deed for the children, and the estate would then revert to Daniel McAleer's heirs." This is too strict a reading of the deed, avoiding its plain intent and the clear meaning of the language used, namely, that the children shall take the use immediately after their mother's death, or before, should she become a widow and marry. Had McAleer's wife died before him, and the power not exercised, at once they would have come into the enjoyment and use of their estate, and so will they if the widow marries, by the express terms of the deed; the necessary implication is, that they shall have it if the widow dies unmarried.

The power having been exercised, the proceeds of the land

[Reck et al. v. Clapp.]

belong to the same persons, subject to the same uses, as did the land itself. The interest, or use, of the money belongs to them who were entitled to the rents, or use, of the land, and the omission to express in the deed that in case of sale the same persons should receive the interest of the money who were entitled to the rents of the land, will not defeat the purposes of the trust. Conversion gave the trustee no interest in the money, no power of appointment, no right of disposition for his own benefit, and will not deprive the owners of their property.

Decree reversed, and it is now considered and decreed that the money in Court, less costs of audit, be paid to Mary Ann McAleer, trustee, costs of appeal to be paid by the appellee, J. C. Bindley.